UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 2:15-cr-00105-JDL-3 |
| ) | |
| AMBER MESERVE, ) | |
| ) | |
| Defendant. ) | |

ORDER ON RESTITUTION

Amber Meserve was sentenced on March 16, 2016, as a result of her conviction of a single count of conspiracy to possess one or more stolen firearms, a violation of 18 U.S.C. §§ 371, 922(j). For the reasons explained on the record at the sentencing, I have concluded that restitution is warranted in this case. What remains for decision is the amount of restitution that Meserve should be ordered to pay to the victims of her offense.

I have carefully considered the sentencing record, the memoranda submitted by the parties, and the restitution report of Gregory Giblin, Supervisory U.S. Probation Officer. I find that:

- Amber Meserve pled guilty and admitted to her involvement in a conspiracy to possess stolen firearms by means of burglaries that were committed with the intent to steal firearms and other property. Under the totality of the circumstances, the burglaries "comprised part of a unitary scheme" and were an intrinsic aspect of the conspiracy to possess stolen firearms. *United States v. Hensley*, 91 F.3d 274, 278 (1st Cir. 1996).

- M.V., T.G., and J.D. are individuals whose homes were unlawfully entered and property was stolen in furtherance of the conspiracy. They qualify as "victims" for purposes of the Victim and Witness Protection Act ("VWPA"), 18 U.S.C.A. § 3663 (2016), because they were directly and proximately harmed as a result of the commission of the offense, which

1

included conspiracy as an element. *See* 18 U.S.C.A. § 3663(a)(2). Further, M.V., T.G., and J.D. were "directly harmed by the defendant's criminal conduct in the course of the . . . conspiracy[.]" 18 U.S.C.A. § 3663(a)(2); *see also Hensley*, 91 F.3d at 277 ("the outer limits of a VWPA . . . restitution order encompass all direct harm from the criminal conduct of the defendant which was within any scheme, conspiracy, or pattern of activity that was an element of any offense of conviction") (citation omitted).

- M.V.'s loss totaled $4,600.00. He received partial compensation from his insurance company, Foremost Insurance Group, in the amount of $3,249.00. Accordingly, his loss is $1,351.00 (priority 1), and Foremost Insurance Group's loss is $3,249.00 (priority 2).

- T.G.'s loss totaled $6,015.00.[1] Of this amount, $5,750 was for medical marijuana and medical marijuana seeds. Although marijuana may be possessed and grown for medical use under Maine law, *see* 22 M.R.S.A. § 2423-A (2016), it is contraband for purposes of federal law, *see* 21 U.S.C.A. §§ 802(6), 812(c) (Schedule I). Accordingly, I decline to award restitution for the medical marijuana and medical marijuana seeds, and T.G.'s loss for purposes of restitution is $265.00 (priority 1).

- J.D.'s loss is $970.32 (priority 1).

Having considered the amount of the losses sustained by the victims, and all other information presented by the parties at sentencing and in their post-sentencing memoranda and the report of the probation officer, I conclude that the Government has met its burden of establishing by a preponderance of the evidence that restitution should be awarded as follows:

| | |
|---|---|
| M.V. - | $1,351.00 (priority 1) |
| Foremost Insurance Group - | $3,249.00 (priority 2) |
| T.G. - | $  265.00 (priority 1) |

---

[1] T.G.'s total loss is stated as $6,000.00 in the report of the probation officer and in the declaration of victim losses; this appears to be an arithmetical error, as the sum of the values in the itemized list included in the victim impact statement is $6,015.00.

J.D.   -                              $   970.32 (priority 1)

**SO ORDERED.**

Dated this 18th day of May, 2016.

<u>        /s/ Jon D. Levy        </u>
**U.S. DISTRICT JUDGE**
